UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRODERICK ISLER** | **CIVIL ACTION NO. 3:11-cv-0878** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **OUACHITA PARISH CORRECTIONS CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Broderick Isler filed a handwritten pleading in this Court on June 9, 2011. In that pleading he alleged that he is incarcerated at the Ouachita Parish Corrections Center. He complained that he and his fellow Muslims are not afforded the same opportunities for communal worship as are Christians. He did not specify the relief he was seeking. [Doc. 1] Plaintiff's complaint did not comply with the provisions of Rule 3.2 of the United States District Court for the Western District of Louisiana which mandates that prisoner civil rights complaint be filed on the forms supplied by the court. Therefore, on June 29, 2011, plaintiff was ordered to amend his complaint and to submit it on the forms approved for such complaints within 30 days or on or before July 29, 2011. [Doc. 4] That deadline has passed and plaintiff has not complied with the amend order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to comply with an order directing him to file his pleading on the appropriate form as required by the Rules of this Court. This failure on his part warrants dismissal without prejudice.

It is unclear whether dismissal at this time will prejudice plaintiff. Nevertheless, it is possible that dismissal without prejudice at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. In any event, the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored the order directing him to amend his pleading. He has not contacted the court since June 9, 2011, when he filed his "complaint" and the application to proceed *in forma pauperis*. It thus appears that he is no longer interested in pursuing these claims.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, August 25, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE